UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| COREY JOHN CHRISTENSEN,<br><br>    Petitioner,<br><br>v.<br><br>TERRY CARLSON, CEO/Warden,<br><br>    Respondent. | Civil No. 05-2699 (MJD/JJG)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice.

Petitioner commenced this action on November 23, 2005, by filing a habeas corpus petition challenging his 2003 state criminal conviction for second degree criminal sexual conduct.  It appears on the face of the petition, however, that Petitioner is attempting to challenge his conviction on grounds that have never been fairly presented to, and decided on the merits by, Minnesota's highest appellate court, and that Petitioner has therefore failed to exhaust his available state court remedies.  It further appears that Petitioner's judgment of conviction became final more than one year prior to the filing of his petition, and that his petition might therefore be time-barred under 28 U.S.C. § 2244(d)(1)(A).

With those matters in mind, the Court issued an order in this case, dated November 29, 2005, (Docket No. 3), which directed Petitioner to submit (a) an affidavit explaining how

he had exhausted his state court remedies for each of his current claims, and (b) an affidavit and memorandum explaining why this action is not time-barred. That order also warned Petitioner that if he did not file the required affidavits and memorandum within twenty (20) days, the Court would recommend that this action be summarily dismissed.[1]

The deadline for responding to the Court's prior order has now passed, and Petitioner has not filed the affidavits and memorandum required by that order. Petitioner has filed a document entitled "Objection/Rebuttle To Report and Recommendation,"[2] (Docket No. 4), but that submission is wholly irrelevant to either the exhaustion of his state court remedies, or the timeliness of his petition.[3] Petitioner has made no effort show that he has satisfied the exhaustion of state court remedies requirement, or that his petition is timely. Therefore, in accordance with the prior order entered in this matter, the Court will recommend that this action be summarily dismissed without prejudice.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED; and

---

[1] Petitioner was also directed to pay the $5.00 filing fee for this action, and he has satisfied that requirement of the Court's prior order. (Docket No. 5.)

[2] It is unclear why Petitioner's submission is identified as an objection to a Report and Recommendation, as no previous Report and Recommendation has been filed in this matter.

[3] Petitioner's submission advances the nonsensical argument that he could not effectively defend himself against a criminal prosecution brought under Minnesota's state criminal code, without violating federal copyright law.

    2.  This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: January 20, 2006

                                                                                 s/Jeanne J. Graham

                                                                                 JEANNE J. GRAHAM
                                                                                 United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by February 8, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.